THE STATE OF KANSAS, *Appellee*, v. CLIFFORD LINK, *Appellant*.

No. 17,913.

### SYLLABUS BY THE COURT.

1. CRIME — *Assault with Intent to Rob* — *Accessory* — *Instructions*. The defendant was charged alone as principal with the crime of an assault with intent to rob. His guilt did not depend upon his entertaining a common purpose with another person who participated in the assault or upon the state of that person's mind, and instructions asked on the contrary theory were properly refused.

2. INSTRUCTIONS—*Circumstantial Evidence*. It is not prejudicial error to refuse the usual instructions relating to circumstantial evidence when the incriminating circumstances shown by the evidence are merely corroborative of direct proof of guilt ample to sustain a conviction.

3. ——— *Alibi—Presence of Defendant*. The defendant can not complain of an instruction relating to the defense of an alibi which was based on evidence introduced by him and which was given in response to an instruction which he asked admonishing the jury that his presence at the time and place specified in the information was essential to a conviction, although the proof clearly showed personal presence and participation in the crime charged.

Appeal from Wyandotte court of common pleas. Opinion filed July 6, 1912. Affirmed.

*Daniel J. Maher,* and *Jacob S. Detwiler,* both of Kansas City, for the appellant.

*John S. Dawson,* attorney-general, and *James M. Meek,* acting county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was charged with assaulting H. F. Crafton with intent to rob and was convicted and sentenced accordingly. He appeals and assigns error in the giving and refusing of instructions.

The evidence disclosed that Crafton was assaulted by the defendant and a man named Gilliland with the intention alleged. Instructions were asked and refused making it necessary to a conviction that the jury should find that a common purpose to rob existed in the minds of the two assailants, and that the defendant knew of the purpose entertained by Gilliland. The defendant was charged alone as a principal and his guilt or innocence did not depend upon the existence or continuance of a design held in common with Gilliland or on the state of Gilliland's mind.

Instructions on the subject of circumstantial evidence were asked and refused. The case was not one, however, calling for such instructions. The state produced direct and positive testimony regarding the defendant's conduct, which was amply sufficient to warrant a verdict of guilty, and the incriminating circumstances surrounding the transaction which were given in evidence were merely corroborative. (*The State v. Gereke,* 74 Kan. 196, 86 Pac. 160.)

The defendant complains of an instruction to the jury relating to the defense of an alibi because, as he now asserts, the evidence established his presence at the scene of the assault. That being true the instruction was harmless. But the defendant introduced evidence to show that he was at his home some distance

away when the assault was made, and he asked an instruction admonishing the jury that it was essential to a conviction that he should have been present at the time and place specified in the information. If, therefore, error was committed it was invited.     .

The judgment of the district court is affirmed.